IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David V. Jordan, | ) |
| | ) |
|     Plaintiff | )   Case No. 1:18-cv-0228 (Erie) |
| | ) |
| vs. | )   SUSAN PARDISE BAXTER |
| | )   UNITED STATES DISTRICT JUDGE |
| | ) |
| | )   RICHARD A. LANZILLO |
| Lieutenant Murin, *et al.*, | )   UNITED STATES MAGISTRATE JUDGE |
| | ) |
|     Defendants | )   ORDER DEFERRING RULING ON |
| | )   PLAINTIFF'S MOTION FOR |
| | )   DEFAULT JUDGMENT DAMAGES |
| | ) |
| | )   ECF NO. 150 |

    Plaintiff David V. Jordan (Jordan) has moved for an award of $69,285.72 in satisfaction of a default judgment this Court entered against Defendant Craig Griffin. *See* ECF No. 150; ECF No. 152. The Court will defer issuing a Report and Recommendation on Jordan's motion pending further proceedings in this case.

    By order of June 30, 2020, the Court entered default judgment under Federal Rule of Civil Procedure 55(b)(2) against Defendant Craig Griffin as a sanction for Griffin's repeated failures to respond to discovery requests and orders of this Court. *See* ECF No. 152. Once a default judgment has been entered, the well-pleaded, factual allegations of the complaint, except those relating to the damage amount, are accepted as true and treated as though they were established by proof. *See Coastal Mart, Inc. v. Johnson Auto Repair, Inc.*, 2001 WL 253873, at *2 (E.D. Pa. Mar. 14, 2001); *see also United States ex rel. Motley v. Rundle*, 340 F. Supp. 807, 809 (E.D.Pa.1972) (citing *Thomson v. Wooster*, 114 U.S. 104, 114 (1885)). While these well-pleaded allegations are admitted and accepted, "the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages." *Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 541

(E.D. Pa. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). Thus the Court accepts as true the factual allegations asserted by Jordan against Defendant Griffin.[1]

Under 42 U.S.C. §1983, once it is established that a plaintiff's constitutionally protected right or rights have been violated, the plaintiff is entitled to compensatory damages. Compensatory damages in a § 1983 case "may include not only out-of-pocket loss and other monetary harms, but also such injuries as 'impairment of reputation ..., personal humiliation, and mental anguish and suffering.'" *Memphis Cmty. School Dist. v. Stachura*, 477 U.S. 299, 307 (1986) (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974)); *see also Coleman v. Kaye*, 87 F.3d 1491, 1507 (3d Cir. 1996) (holding that plaintiff could recover damages in sex discrimination case under § 1983 for "personal anguish she suffered as a result of being passed over for promotion"); *Chainey v. Street*, 523 F.3d 200, 216 (3d Cir. 2008) (discussing proof of damages for emotional distress).

Jordan, as the party who sought default judgment under Rule 55(b)(2), bears the burden of proving damages. *Mahco, Inc. v. Sovereign Logistics Ltd.*, 2020 WL 3249096, at *2 (D.N.J. June 16, 2020); *Comdyne I*, 908 F.2d at 1149. Any amount alleged as damages needs to be supported by evidence. *See Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."); *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) (where plaintiff sought money damages and return of race horse registration papers, nothing in the record supported damage amounts). Jordan has sued fourteen defendants and appears to have simply apportioned Defendant Griffin an amount of damages which equals his

---

[1] Those allegations included the following: Griffin was a corrections officer at SCI-Forest (ECF No. 3, ¶ 12); Griffin handcuffed Jordan and removed Jordan from his cell (ECF No. 3, ¶ 21); Griffin conducted a cell inspection to harass Jordan (ECF No. 3, ¶ 22); Griffin kicked Jordan's legal papers around and told Jordan to "stop filing shit" (ECF No. 3, ¶¶ 23, 43); Griffin took no action when other corrections officers beat him up against a wall (ECF No. 3, ¶ 29); Griffin remained present outside Jordan's cell door after he was returned to his cell (ECF No. 3, ¶ 33); Griffin violently "yanked" the rope attached to Jordan's handcuffs to pull Jordan to the cell door (ECF No. 3, ¶¶ 35-36); Griffin retaliated and re-assaulted Jordan for the filing of grievances (ECF No. 3, ¶ 44).

$\frac{1}{14th}$ share of Jordan's total requested damages of $970,000.00—$69,285.71. ECF No. 150, ¶ 4. To date, however, Jordan has proffered no evidence to support either the total damages he seeks or his proposed allocation of damages as to Defendant Griffin.

To promote judicial efficiency, avoid potentially conflicting findings as to damages, and allow for a full presentation of evidence concerning damages, the Court will defer a recommendation concerning Jordan's motion for damages until after the final disposition of all claims in this case. *See, e.g.*, *World Fuel Servs., Inc. v. Bales*, 2020 WL 3367278, at *7–8 (W.D. Okla. June 18, 2020); *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 742 (E.D. Va. 2014); *St. John's Shipping Co. v. Vessel known as Annemarie B.*, 2007 WL 3306947, at *4 (M.D. Fla. Nov. 6, 2007). At the appropriate time, a hearing may be required at which Jordan must produce relevant evidence relating to the amount of damages Defendant Griffin should pay.[2] Such a hearing, if required, will be conducted at the end of this litigation once the liability claims against all remaining defendants have been determined. *See, e.g.*, *SEC v. Smyth*, 420 F.3d 1225, 1231-1232 (11th Cir. 2005).

So ordered this 27th day of July, 2020.

                                                                RICHARD A. LANZILLO
                                                                United States Magistrate Judge

---

[2] Although Fed R. Civ. P. 55(b) (2)(B) specifies that a "court may conduct hearings when it needs to determine the amount of damages owed a party upon an entry of default judgment, the permissive language of that rule recognizes that such a proceeding will not be necessary in all circumstances, such as when damages are for a sum certain or for a sum which can by computation be made certain. *Consumer Fresh Produce, Inc. v. SPC Erie Cty. Farms, Inc.*, 2020 WL 2615768, at *2 (W.D. Pa. May 4, 2020), *report and recommendation adopted*, 2020 WL 2615580 (W.D. Pa. May 22, 2020).