IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID V. JORDAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-228-SPB |
| | ) |
| LIEUTENANT MURIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

Presently pending in this civil action is Plaintiff's Motion at ECF No. 298 to vacate the undersigned's April 14, 2023 Memorandum Order, docketed at ECF 295. In the challenged ruling, this Court denied (without prejudice) Plaintiff's request for an expedited ruling concerning his claim for damages against Defendant Craig Griffin. In doing so, the undersigned explained that "a ruling on the damages claim will issue in due course consistent with the Court's obligations to manage its docket and resolve other pressing matters, both criminal and civil, that also remain pending at this time." ECF No. 295.

To the extent Plaintiff seeks reconsideration of the Court's April 14, 2023 ruling, he has shown no basis for relief. The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration must generally be premised on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration should be granted "sparingly," and "is not properly grounded in a request for a district court to

1

rethink a decision it has already made, rightly or wrongly." *Williams v. Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998).

Here, the Court does not perceive any clear error in its April 14, 2023 Memorandum Order, nor will manifest injustice result if the ruling is not revisited. As should be evident to Plaintiff at this point, the Court is well aware of his pending damages claim as well as its obligation to issue a ruling as expeditiously as possible, taking into account the Court's caseload and general docket management responsibilities. What Plaintiff may not fully appreciate is that: (1) pending criminal matters often take precedence over civil matters owing largely to the speedy trial rights of the accused, and (2) the Court must prioritize certain civil matters over Plaintiff's claim to the extent they have been pending for a longer period of time or otherwise require more exigent disposition. Nevertheless, Plaintiff's damages claim is actively being reviewed by the Court and, therefore, Plaintiff can be assured that he will receive a ruling as expeditiously as present circumstances permit. Accordingly,

IT IS ORDERED this 31st day of July, 2023, that Plaintiff's motion at ECF No [298] to vacate the Court's April 14, 2023 Memorandum Order will be DENIED.

*/s/ Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge